Dear Mr. Ware:
You have requested an opinion of the Attorney General in your capacity as legal advisor to the Audubon Regional Library (Library), relative to the expenditure of ad valorem taxes levied by the Parish of West Feliciana (Parish) for the purpose of maintenance and support of the Library. In 1963, the Library was established to serve the parishes of East Feliciana, West Feliciana and St. Helena. Historically, each parish levied its own voter approved separate special ad valorem tax of 2.5 mills for a period of ten years, beginning with the year 1988.
In 1998 the tax will be placed before the voters of each parish for renewal. The Riverbend Nuclear Power Plant will appear on the tax rolls for the first time at the end of 1997, thereby significantly increasing the tax base in West Feliciana. While the Parish desires to continue to support the Library, it wants to reduce its levy so that the revenues generated will not be disproportionately greater than the revenues generated by the other two parishes.
In Attorney General Opinion No. 96-212, we addressed the issue of whether the library and/or the parishes, in globo, constitute a multi-parish district which would require each parish to levy the same millage rate in 1998 when the taxe(s) become subject to renewal. Therein, we concluded that R.S. 25:211 authorizes two or more parishes to join in the establishment of a public library to be supported and maintained, jointly, in proportions as may be determined by the police juries of the respective parishes. Further, R.S. 25:217 authorizes the Library to be jointly established and maintained by two or more parishes with each parish contributing its pro rata or equitable share of the costs and expenses. Such an arrangement should be governed by a formal written intergovernmental agreement between the parishes providing for the joint use of funds, facilities, personnel or property or any combination thereof. R.S. 33:1324. It is our understanding that a formal agreement does, in fact, exist and that a joint commission has been established to administer the project.
We concluded that the statutory provisions relative to the uniformity of adjusted millages in a multi-parish taxing district are not applicable to the library and the parishes associated therewith. In so holding, we found that neither the Library, nor the three parishes which jointly established the Library, constitute a multi-parish district so as to require the levy of a uniform millage in all three parishes. Thus, each parish could levy and/or renew its millage at a rate deemed appropriate for purposes of the joint operation of the Library.
The issue now before us is whether there is any legal impediment to the Parish renewing its millage at a level necessary to fund its traditional/proportionate share for the Library plus an additional voter-approved levy for improvements to the library system exclusively in (and for) the Parish. If the additional levy is permissible, you ask whether the Parish may enter into an intergovernmental agreement with the Library and the other two parishes which would reflect the dedication of the additional revenues specifically to the Parish for funding the construction and/or purchase of new facilities located within its jurisdiction.
A review of the relevant Constitutional and statutory provisions pertaining to this issue reveal no prohibitions against the Parish levying additional ad valorem taxes approved by the voters for the funding of the construction and/or purchase of new facilities within the Parish, in addition to the traditional millage levied for the joint operation and maintenance of the Library system.
In this regard, we draw your attention to R.S. 39:704 which provides the following:
"§ 704. Proceeds of special tax
 The proceeds of any special tax shall constitute a trust fund to be used exclusively for the objects and purposes for which the tax was levied. The records of the taxing authority shall clearly reflect the objects and purposes for which the proceeds of the tax are used."
As can be seen from the above language, the proceeds of a special tax levied for the funding of the construction and/or purchase of new facilities exclusively in and for the Parish constitute a dedication to be used solely for the objects and purposes for which the tax was levied. This should be clearly reflected in the tax proposition and the intergovernmental agreement between the several parishes. Further, the statutory provisions relating to the approval of the Louisiana State Bond Commission must be adhered to.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ________________________________ ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob, III/cla